Craven's Case.

In the matter of the petition of MARIAH L. CRAVEN for the appointment of a new trustee.

A trustee loaned funds of the estate to A, who was entitled to an interest therein as a contingent remainderman on A's note, secured by a pledge of A's interest in the fund and also the pledge of the life tenant's interest therein. A was then and is now insolvent. On the removal of the trustee from office —*Held*, that he must account for the loan, and that he cannot throw upon his successor the burden of trying to collect it.

On exception to a master's report.

*Mr. Frank B. Colton*, for petitioner.

*Mr. John D. Burtine*, for respondent.

BIRD, V. C.

The master in this case reports that four of the six investments made by the former trustee are good, and that two are not, and that the former should be accepted by the new trustee, but that the former trustee should be charged with the whole amount due on the two other securities. One of these two was disposed of during the hearing of the exceptions to the master's report. The other security is a note of hand for $700, given by Alfred E. Craven, in 1878, and without any security whatever, except that which it is claimed arises from the agreement of said Alfred and the said Mariah L. Craven, whereby they pledge, it is said, all their interest in the fund to the payment of this note. If the statute which directs trustees in making loans had been complied with, no question could have arisen. The statute has been disregarded. And while all courts go a great ways to protect trustees, I can find no authorities which will sustain this transaction. The loan seems to have been made to one who has a contingent interest in remainder, in the funds, upon his individual note. He was then, when he gave the note, and I think still is, insolvent. The agreement relied upon as securing the

payment of the note, was executed by him and the person who has the life estate, which estate is the interest on the funds held in trust.

Supposing this agreement or pledge to be valid and binding on the parties executing it, it may prove totally inadequate to secure the liability. When Mrs. Craven dies there is no longer any support for this trustee from that direction, for I understand she has no estate but the interest on these funds. And is the pledge of the remainderman adequate? It seems that all he had to pledge was this fund. And if he was insolvent, when he made this pledge or agreement, may not his necessities have induced him to pledge it before to others? But, if we take it as wholly free from such interpretation, can we say that at the time his interest falls due, it will be equal to the amount which may be due upon the note? And, supposing this, too, be sufficiently answered, by what rule can any court make the protection a certainty, since the testament creating the gift gives the fund to those " who shall be living at the time of the death of the survivor" of the life tenants? These considerations would seem to be quite enough to sustain the master.

But it is reasonably doubtful whether the agreement is binding, even in a court of equity. One of the parties proposed to be bound thereby did not execute it. However this may be, I am very clear that the responsibility of enforcing it ought not to be cast on the new trustee.

To show the duty and also the liability of trustees in such a case, I refer to *Perry on Trusts* § *453; Sherman* v. *Lanier, 12 Stew. Eq. 249; Lathrop* v. *Smalley, 8 C. E. Gr. 192; Tucker* v. *Tucker, 6 Stew. Eq. 235; Ward* v. *Kitchen, 3 Stew. Eq. 31; Nancrede* v. *Voorhis, 5 Stew. Eq. 524.*

I can discover no way by which the court can compel the new trustee to take this doubtful security. I will, therefore, advise that the master's report be sustained and the exception be overruled, with costs.